Hillsborough, }
Oct. 7, 1913. }

### FRANK E. BURNS *v.* BAY STATE STREET RAILWAY CO.

Under section 3, chapter 154, Laws of 1909, a motor vehicle owned and duly registered in Massachusetts did not become subject to registration in this state by reason of its operation upon New Hampshire highways for several weeks in the aggregate between June and December, unless during such time it was so used for a period of more than ten days continuously.

CASE, for negligence. Trial by jury. Transferred from the January term, 1913, of the superior court by *Mitchell*, J.

The evidence tended to prove the following facts: December 4, 1911, the plaintiff was injured through the defendants' negligent operation of a street car in Nashua. He was duly licensed to operate an automobile and at the time of his injury was driving a motor car which was duly registered in Massachusetts. The owners of the car, who are grocers in Boston and residents of Massachusetts, purchased it in June, 1911, for the use of the plaintiff, who is their traveling salesman; and he thereafter used it in this state, as well as in Maine, Vermont, and Massachusetts, returning to his home in Nashua at the end of each week. The car had not been

in this state for ten days continuously since its purchase, although it had been used here for an aggregate period of several weeks between June 1 and the date of the accident.

At the close of the plaintiff's evidence the defendants moved for a nonsuit. The case was withdrawn from the jury for the purpose of securing the determination by the supreme court of three questions, the first of which was whether this motor car, having been operated in this state in the manner stated between June 1 and December 4, 1911, was operated upon the public highway in violation of law at the time of the accident. Two questions dependent upon an affirmative answer to the first inquiry were submitted, but not considered.

*Stephen L. Hallinan* and *Wason & Moran*, for the plaintiff.

*Doyle & Lucier*, for the defendants.

Parsons, C. J. The first question presented is whether the car owned and registered in Massachusetts was on the day of the accident unlawfully operated upon the highways of this state, the car having been so operated more than ten days in the aggregate since the preceding June, but not having been at any time so operated for ten days continuously. This question can be answered in the affirmative only by establishing that when, in the act of 1909, the legislature said "for ten days continuously," they meant, and can be fairly understood to have meant, "for ten days in the aggregate."

The statute which it is claimed was violated by the operation in this state of this Massachusetts registered car is: "Automobiles or motor cycles owned by non-residents of this state and registered in some other state may be operated upon the roads and highways of this state for ten days continuously, at the expiration of which time they shall be subject to registration the same as automobiles and motor cycles owned by residents of the state." Laws 1909, c. 154, s. 3. Giving to this language its ordinary meaning, a car owned and registered in another state was not subject to registration in this state until it had been operated for ten days continuously upon the roads and highways of this state; and until it became for that reason subject to registration in this state, it could be lawfully operated here by force of its ownership and registration in another state. There is no evidence leading to the conclusion that any unusual or exceptional meaning was intended to be or can be properly attached to the language of the statute.

"The history of legislation upon the subject, the circumstances under which the several statutes were passed, are properly considered in connection with the words of the statute, the context, etc., in order to ascertain the intention of the legislature." *Stanyan* v. *Peterborough,* 69 N. H. 372, 373, 374. Pursuing such an investigation, it appears that this section of the law of 1909 is an amendment of the law of 1905, the original statute in this state regulating the operation of automobiles and motor cycles. That statute, after providing for the registration of such vehicles and prohibiting the operation of any such vehicle upon the highways of the state without registration, made the following provision: "Automobiles or motor cycles owned by non-residents of this state and registered in some other state may be operated upon the roads and highways of this state." Laws 1905, *c.* 86, *s.* 6. Under this act a motor vehicle owned and registered in another state might be operated the entire season here without registry or payment of license fee.

It is common knowledge that residents of other states frequently pass in this state a large part of the summer season in which such vehicles are most in use and that the state has made large expenditures in adapting the ways of the state to such travel. One provision of the act of 1909, above cited, devotes the fees received from the registration required by existing legislation to highway maintenance and improvement. It seems to have been thought reasonable that cars making use of the highways should by payment of license fees contribute something for that purpose. Accordingly, the act of 1909 amended the law of 1905 giving the free use of the highways of the state to cars owned and registered in other states, by adding the words "for ten days continuously, at the expiration of which time they shall be subject to registration," etc.

Where the line should be drawn and how was for the legislature. It may be thought more equitable if the limitation were ten days in the aggregate in each season, but that was not the provision adopted. If the expression had been "for ten days" merely, omitting the word "continuously," it might be open to consider which interpretation was more reasonable and hence probably intended; but the legislature having said *continuously,* the provision is not so inherently unreasonable or improbable as to authorize the conclusion that it was intended that "or at intervals, aggregating ten days in all" would be understood to be within the legislative intent. A reasonable ground for the legislative purpose to exact a contribution for highway maintenance from motor vehicles from other states

is found in the regular use of the highways by such vehicles. The extent of the use making reasonable such contribution was for the legislature and is clearly stated.

In 1911 the legislature enacted a "motor vehicle law" and repealed all existing provisions upon the subject. This law contained provisions going into effect December 31, 1911, repealing section 3, chapter 154, Laws 1909, and providing as follows: "A motor vehicle owned by a non-resident of this state, who has complied with the laws of his state, district, or country relating to registration and licensing of motor vehicles, may be operated on the ways of this state for a period not exceeding ten days in any one calendar year without registration. . . . In estimating the number of days of use by a non-resident under the foregoing privilege, any fractional part of a day's use within this state shall be held to be a day." Laws 1911, c. 133, s. 3. If the correct construction of this language limits the non-resident privilege to ten days in the calendar year, whether continuous or not (a question not now presented), the act is in no sense a declaratory one, but was, as indicated by its terms, a repeal and reënactment of the whole law upon the subject. *Boston Ice Co.* v. *Railroad, ante,* 6, 17, 18.

The Massachusetts statute cited by the defendants does not contain the word "continuously," and the Massachusetts construction of it might not aid upon the question presented if one were found. Whether the operation for ten days continuously would, or not, be interrupted by an occasional trip extending over the state line (*Dudley* v. *Railway,* 202 Mass. 443) is a question that does not appear to be presented by the facts. A continuous period of ten days might not be broken by a mere crossing of the state line; and the fact that the car had not remained in the state for ten successive days at any one time might not, under some circumstances, establish the non-operation for ten days continuous'y. No instances of that character are suggested, but the defendants rely upon the use at different times aggregating more than ten days in all. Such an operation, which is what the case is understood to mean, is not a use of the highways of the state "for ten days continuously."

As the motor car was lawfully operated on the highway at the time of the injury, the other questions suggested do not arise and consequently are not considered.

*Case discharged.*

All concurred.